11-1599-cr
U.S. v. Murphy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand twelve.

Present:
      ROBERT A. KATZMANN,
      BARRINGTON D. PARKER, JR.
      RICHARD C. WESLEY,
          *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee*,

        v.                                 No.  11-1599-cr

DAVID MURPHY,

      *Defendant-Appellant*,

_____

For Defendant-Appellant:          DAVID SAMEL, New York, NY

For Appellee:                  PETER M. SKINNER, (Andrew L. Fish, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant David Murphy appeals from a judgment of conviction entered on March 1, 2011 by the United States District Court for the Southern District of New York (Sullivan, *J.*). On October 27, 2010, a jury convicted Murphy of both fraudulently obtaining money in violation 18 U.S.C. § 666 and making false statements to the Government in violation of 18 U.S.C. § 1001. On appeal, Murphy challenges the sufficiency of the Government's proof, requests a new trial, and argues that the district court should have excluded certain evidence. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"[A] defendant who challenges the sufficiency of the evidence . . . bears a heavy burden. 'We must credit every inference that the jury may have drawn in favor of the government . . . . The jury's verdict must be sustained if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Finley*, 245 F.3d 199, 202-03 (2d Cir. 2001) (quoting *United States v. Gore*, 154 F.3d 34, 40 (2d Cir. 1998) (emphasis retained)). "Assessments of witness credibility and choices between competing inferences lie solely within the province of the jury." *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010).

Here, the evidence clearly permitted the jury to convict Murphy of violating 18 U.S.C. § 666. That section prohibits any agent of an organization receiving more than $10,000 in federal funds from "embezzl[ing], steal[ing], obtain[ing] by fraud, or otherwise without authority knowingly convert[ing]" more than $5,000 of that organization's funds. The Government's

evidence showed that Murphy, an employee of the Archdiocese of New York ("the Archdiocese"), knew that he could not receive additional compensation for his work renovating two Catholic elementary schools, but nonetheless requested and obtained additional money from those schools, which he then converted for personal use. Murphy contends that the evidence did not show that he deceived the principals of the two elementary schools, who he claims had authority to decide how to distribute the relevant funds. Even accepting Murphy's claim that the principals could allocate the money, however, the evidence amply supported the conclusion that Murphy deceived the principals when, while apparently acting in his capacity as an agent of the Archdiocese, he made requests for funds that the Archdiocese had not authorized. The evidence further supported the conclusion that Murphy deceived the principals when he requested money for costs he would not incur, wrote checks to fictitious subcontractors, and then had a friend cash those checks and return the money to him for personal use. Thus, we affirm Murphy's conviction for violating 18 U.S.C. § 666.

Turning to Murphy's motion for a new trial, we review the district court's denial of that motion for abuse of discretion. *United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009). In support of his motion, Murphy argues that a forensic analysis of his computer conducted after trial showed that he had created an allegedly exculpatory document before the Government began investigating him. To obtain a new trial based on the discovery of additional evidence, Murphy must show that: "(1) the evidence [was] newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal." *United States v. Owen*, 500 F.3d 83, 88

3

(2d Cir. 2007). Here, Murphy had access before trial to other evidence that indicated that he had created the relevant document at the time he claimed, and his attorney considered introducing this evidence. Accordingly, the results of the forensic analysis merely duplicated evidence already available to Murphy, and the results therefore cannot show the manifest injustice necessary to warrant a new trial. *See United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) ("The ultimate test [on a motion for a new trial] is whether letting a guilty verdict stand would be a manifest injustice.").

Finally, Murphy argues that the district court should have excluded certain evidence. "In general, we will not overturn the district court's decision to admit or reject evidence absent an abuse of discretion." *United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010).[1] During the trial, after Murphy testified at length about his education and employment history, the district court permitted the Government (1) to introduce evidence showing that Murphy had not obtained certain degrees that he claimed to have earned and (2) to question Murphy about his termination from a job. Murphy challenges these decisions under Federal Rules of Evidence 404(b), 608(b), and 403. But this Court long ago held that Rules 404(b) and 608(b) do not prevent the Government from impeaching a defendant's misrepresentations. *See United States v. Beverly*, 5 F.3d 633, 639 (2d Cir. 1993) ("The government's questioning arose in the form of impeachment of specific falsehoods, not as an attack on his general character for truthfulness, Fed. R. Evid. 608(b), nor as an attempt to prove his bad character in order to show he acted in conformity therewith, Fed. R. Evid. 404(b).").

---

[1]While the failure of Murphy's counsel to object to the admission of certain evidence might render plain-error review appropriate in some instances, *see United States v. Gaind*, 31 F.3d 73, 76 (2d Cir. 1994), our conclusion that the district court did not abuse its discretion renders such review unnecessary.

Neither does Rule 403 bar the admission of this evidence. That rule requires exclusion only where the "unfair prejudice" caused by certain evidence substantially outweighs that evidence's "probative value." Fed. R. Evid. 403. By suggesting that the schools might credibly have regarded Murphy as a general contractor, Murphy's testimony concerning his credentials bolstered his claim that the schools paid him "compensation for additional work he was doing in an additional capacity." Appellant's Brief at 45. Thus, Murphy's credentials were an important and disputed issue, and the relevance of the Government's evidence to that issue outweighed any prejudice to Murphy.[2] Accordingly, the district court did not abuse its discretion by admitting evidence regarding Murphy's credentials.

We have considered Murphy's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2]Moreover, even the most prejudicial evidence—*i.e.*, testimony that a prior employer had terminated Murphy based on allegations that he had received bribes—was not "more serious than the charged crime." *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000).